**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10202 |
| Plaintiff - Appellee, | D.C. No. 4:04-cr-02244-CKJ-BPV-2 |
| v. | |
| ANGIE SINGLETERRY, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted December 3, 2009
San Francisco, California

Before: B. FLETCHER, THOMAS and N.R. SMITH, Circuit Judges.

Defendant Singleterry appeals her conviction for conspiracy to distribute

methamphetamine and possession with intent to distribute methamphetamine.  She

argues that district court erred by denying her motion to dismiss the Indictment and

overruling her objection to prosecutorial misconduct during closing argument.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before trial, the defendant moved to suppress statements made during an interview conducted by FBI Special Agent Craig Roos. Singleterry claimed that she confessed to selling methamphetamine only because the government agents threatened her with calling Child Protective Services ("CPS") if she did not confess. At the suppression hearing, Agent Roos and other agents testified that they never threatened the defendant. An officer from the Bureau of Indian Affairs ("BIA") also testified that, to his knowledge, no one had even contacted CPS. Evidence later surfaced that Agent Roos had in fact called CPS three times. The government decided not to introduce the confession at trial. The defendant filed a motion to dismiss the Indictment, which the district court denied.

Due Process requires dismissal where there has been "outrageous government conduct." *United States v. Williams*, 547 F.3d 1187, 1199 (9th Cir. 2008) (citation omitted). Dismissals are reserved for "only the most intolerable government conduct." *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991) (quoting *United States v. Bogart*, 783 F.2d 1428, 1435 (9th Cir. 1986)). When reviewing a denial of a motion to dismiss, we must consider the evidence in the light most favorable to the government and review the district court's factual findings for clear error. *Williams*, 547 F.3d at 1199 n.9. With that perspective in mind, we conclude that the evidence that Agent Roos contacted CPS, although he

did not remember doing so at the suppression hearing, does not clearly establish that the agents perjured themselves at the suppression hearing or threatened the defendant with taking away her children if she did not confess. Even if this were misconduct, that conduct is not so appalling as to warrant dismissal.[1] The Ninth Circuit has upheld denials of motions to dismiss in the face of much more shocking government action. *See United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991); *United States v. Emmert*, 829 F.2d 805, 811-13 (9th Cir. 1987); *United States v. Simpson*, 813 F.2d 1462, 1465-71 (9th Cir. 1987); *United States v. Williams*, 791 F.2d 1383, 1386-87 (9th Cir. 1986). Accordingly, we affirm the denial of the motion to dismiss.

The defendant also argues that the prosecutor improperly appealed to the jury's emotions during his closing argument. Because "the defendant object[ed] to [the] alleged prosecutorial misconduct, the standard of review is abuse of discretion." *United States v. Steele*, 298 F.3d 906, 910 (9th Cir. 2002). During his closing, the prosecutor reviewed evidence that the defendant was accompanied by children when she sold drugs to an undercover BIA agent. Occasionally he went further. He remarked, "Kids get in the way of dealing meth, it turns out. . . . Ladies

---

[1]Because the Government voluntarily decided not to introduce the defendant's confession at trial, she was not prejudiced at trial by any inappropriate coercive tactics.

3

and gentlem[en], she picks up her kids on the way to a meth deal." The prosecutor sounded a similar note during his rebuttal, telling the jury to take the charges very seriously because "[t]hree of the sales are taking place around a swarm of children. One case she brings her 12 to 13 year old daughter, another case she brings three kids, the last one she brings her son."

The Ninth Circuit has "consistently cautioned against prosecutorial statements designed to appeal to the passions, fears and vulnerabilities of the jury." *United States v. Weatherspoon*, 410 F.3d 1142, 1149 (9th Cir. 2005). A prosecutor may not urge a jury to convict for reasons unrelated to the defendant's guilt; for example, to preserve civil order or deter future lawbreaking. *See id.* (quoting *United States v. Koon*, 34 F.3d 1416, 1443 (9th Cir. 1994)). Here, the prosecutor implicitly criticized the defendant for endangering children and being a bad mother. His comments were irrelevant and improper. *See United States v. Nobari*, 574 F.3d 1065, 1077 (9th Cir. 2009) (holding that prosecutor improperly appealed to the jury to convict the defendant because there was a small boy present during one of the drug transactions).

Prosecutorial misconduct does not require reversal if it was harmless. *Id.* at 1081-82. "When prosecutorial conduct is called in question, the issue is whether, considered in the context of the entire trial, that conduct appears likely to have

4

affected the jury's discharge of its duty to judge the evidence fairly." *United States v. Simtob*, 901 F.2d 799, 806 (9th Cir. 1990). The prosecutor's inappropriate remarks here "were isolated statements, and they were minimal in comparison with the weight of the evidence presented against" the defendant. *Hovey v. Ayers*, 458 F.3d 892, 912 (9th Cir. 2006). Because it is unlikely that the prosecutor's misconduct affected the jury's verdict, that misconduct was harmless.

AFFIRMED.